IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DUSTIN JAMES BARNETT, | ) | No. C 11-2719 JSW (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | ) ) | |
| SAN MATEO COUNTY JAIL'S FORENSIC MENTAL HEALTH SERVICES, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff, an inmate at the San Mateo County Jail proceeding pro se, filed this rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* in a separate order. The Court now reviews the complaint and dismisses with leave to amend.

## DISCUSSION

I.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune

1  from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.
2  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

3    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
4  of the claim showing that the pleader is entitled to relief."  "Specific facts are not
5  necessary; the statement need only '"give the defendant fair notice of what the . . . . claim
6  is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200
7  (2007) (citations omitted).  Although in order to state a claim a complaint "does not need
8  detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his
9  'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
10  recitation of the elements of a cause of action will not do. . . .   Factual allegations must
11  be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v.*
12  *Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer
13  "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.  Pro se
14  pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,
15  699 (9th Cir. 1990).

16    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:
17  (1) that a right secured by the Constitution or laws of the United States was violated, and
18  (2) that the alleged violation was committed by a person acting under the color of state
19  law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

20  II. <u>Legal Claims</u>

21    Plaintiff alleges that he was deprived of psychiatric medicine at the San Mateo
22  County Jail.  He alleges that he is manic-depressive for which he has been taking
23  medicine since he was twelve years old, when he was in a mental hospital.  He further
24  alleges that he hears voices, has violent thoughts, and has attempted suicide many times.
25  When liberally construed, these allegations state a claim for deliberate indifference to his
26  serious medical needs, in violation of the Eighth Amendment's proscription against cruel
27  and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).
28    However, the only defendant named by Plaintiff is the San Mateo County Jail's

Forensic Mental Health Services ("FMHS"). It is unclear whether this is a discrete entity that is separate from the jail or the county itself. Either way, as it is a local government entity, Plaintiff must show: (1) that he possessed a constitutional right of which he or she was deprived; (2) that the local government entity had a policy; (3) that this policy amounts to deliberate indifference to his constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has not alleged that FMHS had a policy that amounted to deliberate indifference to his Eighth Amendment rights and that was the moving force behind his failure to receive medication. Consequently, the complaint must be dismissed for failure to state a cognizable claim for relief against the named defendant. Plaintiff will be given leave to file an amended complaint in which he makes the allegations necessary to establish FHMS's liability under *Plumeau*. Alternatively, in the amended complaint Plaintiff may name individual defendants, but only if he also alleges actions or omissions by them that proximately caused Plaintiff to go without the medical treatment he needed.

## CONCLUSION

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint that corrects the deficiencies described above within ***thirty (30) days from the date this order is filed***. The amendment must include the caption and civil case number used in this order (Case No. C 11-2719 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original or amended complaints by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action</u>.

//

//

 2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: June 30, 2011

JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE | |
| NORTHERN DISTRICT OF CALIFORNIA | |

DUSTIN J. BARNETT,

      Plaintiff,

  v.

SAN MATEO COUNTY JAIL et al,

      Defendant.

Case Number: CV11-02719 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 30, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dustin J. Barnett
1150859
300 Bradford Street
Redwood City, CA 94063

Dated: June 30, 2011

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk